**THE BUCKLIN LAW FIRM**
Stephen Loomis Bucklin [State Bar No. 119583]
967 1/2 W. 8th Street
San Pedro, California 90731
Phone: 818-337-8180
E-mail: stephenbucklin@gmail.com

Attorney for Plaintiff Mary Olsen Kelly

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mary Olsen Kelly,<br><br>    Plaintiff,<br><br>    vs.<br><br>Federal Insurance Company,<br><br>    Defendant. | Case No.: 5:20-cv-01567-JGB (SHKx)<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF WRITTEN POLICY OF INSURANCE |

Plaintiff alleges:

I.

JURISDICTION AND VENUE

1. The Court has jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because plaintiff Mary Olsen Kelly ("Mrs. Kelly") is a competent adult residing in Rancho Mirage in the County of Riverside, State of California, and defendant Federal Insurance Company ("Federal") is an insurance company organized under the laws of the State of New Jersey with its principal place of business located at 202B Halls Mill Road, Whitehouse Station, New Jersey. Furthermore, the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

2. Venue in proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1), 1391 and 1446.

## II.

## FIRST CAUSE OF ACTION FOR BREACH OF WRITTEN POLICY OF INSURANCE
## (PLAINTIFF AGAINST DEFENDANT FEDERAL INSURANCE COMPANY)

3. Prior to his death, Don Gerald Kelly ("Mr. Kelly") obtained a credit card issued by Bank of America N. A.

4. On January 10, 2019, Mr. Kelly purchased a cruise for himself and his wife, Mrs. Kelly, on the ship Celebrity Reflection using his Bank of America N.A. credit card. The Celebrity Reflection departed for a 14-night transatlantic cruise of the Azores and Ireland on April 22, 2019.

5. On April 23, 2019, after the ship departed from port, Mr. Kelly stepped onto a treadmill in the ship's exercise facility. Mr. Kelly intended on completing his usual workout.

6. Mr. Kelly had been on the ship Celebrity Reflection previously but had never used this particular treadmill. Mr. Kelly was unfamiliar with the operation of the treadmill and could not control the speed at which the treadmill's belt was turning. Likewise, he could not step off the treadmill without injuring himself. As a result he stayed on the treadmill while it continued spinning out of control. The dire situation in which Mr. Kelly found himself was exacerbated by the movement of the ship due to the ocean waves.

7. The high speed at which the treadmill was spinning caused Mr. Kelly to experience chest tightness, which resulted in his going to the ship's medical facility.

8. On April 23, 2019, Don Gerald Kelly died as a result of the incident on the treadmill while the Celebrity Reflection was still at sea.

9. On May 15, 2019, The United States Department of State issued a report of death at Ponta Delgada, a municipality in Sao Miguel Island, Portugal listing the cause of Mr. Kelly's death as "[n]ot listed by local authorities."

10. Both Mr. and Mrs. Kelly were aware that they had accidental death insurance because they frequently traveled, renting cars and booking cruises.

11. Accordingly, after returning to the United States, Mrs. Kelly filed a claim with

Federal for her husband's accidental death.

12. On April 1, 2020, Federal denied Mrs. Kelly's claim.

13. Federal breached the policy of insurance by failing to pay Mrs. Kelly the $1,000,000 due under its policy for the following reasons.

14. While Mr. and Mrs. Kelly were generally aware that they had accidental death insurance when they used their Bank of America N. A. credit card to do such things as booking cruises and renting cars, they were unaware of the specific provisions that applied to the incident resulting in Mr. Kelly's death on April 23, 2019.  Therefore, they requested the policy provisions from Federal, which provided Mrs. Kelly with a document entitled "Your Cardholder Benefits Guide" ("the Guide").  The Guide which they were provided with is not completely legible and therefore cannot be attached to this first amended complaint as an exhibit.  Therefore, Mrs. Kelly will plead the terms of the policy *in haec verba*, as allowed under California law.

15. The Guide stated that was effective as of July 1, 2014.  The Guide contained a section entitled "Common Carrier Travel Accident Insurance."

16. Under this section Mr. and Mrs. Kelly were automatically insured by Federal up to $1,000,000 against accidental loss of life while riding as a passenger in any common carrier on which passage has been purchased for the insured person.

17. The term "accidental" was defined under the Guide as a sudden, unforeseen and unexpected event, which happens by chance, arises from a source external to the insured person, and is independent of illness, disease or other bodily malfunction or medical or surgical treatment thereof.

18. The term "common carrier" was defined under the Guide as "any motorized land, water or air conveyance organized and licensed for the transportation of passengers for hire and operated by an employee or an individual under contract."  This term included the ship Celebrity Reflection on which Mr. Kelly died.

19. The Guide stated that Federal "will pay the applicable benefit amount to you or

your beneficiary within 60 days after Federal receives complete proof of loss and you, the policyholder and/or the beneficiary have complied with all the terms of this policy."

20. Mrs. Kelly provided complete proof of loss and complied with all of the requests made by Federal more than sixty days prior to the claim denial.

21. Mrs. Kelly contends that the incident was a sudden, unforeseen and unexpected event which happened by chance, arose from a source external to the insured person, and was independent of illness, disease or other bodily malfunction or medical or surgical treatment thereof. This contention is based on the fact that, as stated above, prior to April 23, 2019, Mr. Kelly frequented a gym 2-3 times a week, did a few miles on the treadmill on each visit without any problems, passed a treadmill stress test without any problem, and was physically in good shape, as well as the other facts set forth in this first amended complaint.

Plaintiff prays for judgment for:

1. Damages in the amount of $1,000,000 consisting of the amounts due under the policy;
2. For interest on the $1,000,000 from April 1, 2020 until the date of entry of judgment at the legal rate;
3. For costs of suit; and
4. For such relief as is fair, just, and equitable.

Dated: September 10, 2020           THE BUCKLIN LAW FIRM

                                    */s/Stephen Loomis Bucklin*
                                    By: Stephen Loomis Bucklin
                                    Attorney for Plaintiff